IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALLEY BOYS, INC., doing business as Valley Boys Roofing, Assignee<br><br>    Plaintiff,<br><br>  vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, incorrectly named as;<br><br>    Defendant. | 8:14CV159<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on the defendant's motion to dismiss, Filing No. 11. This is an action by an assignee for breach of contract and bad faith that was removed from state court under 28 U.S.C. §§ 1441 and 1446. Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.

  In its complaint, Valley Boys, Inc. d/b/a Valley Boys Roofing ("Valley") alleges that defendant State Farm Fire and Casualty Company ("State Farm" or "the Insurance Company") breached contracts of insurance with one hundred fifty-four Nebraska State Farm insureds by failing to cover hail damage to the insureds' homes. Filing No. 1, Notice of Removal, Attachment 1, Exhibit ("Ex.") 1, Complaint at 14-20. Valley further alleges that each of the insureds assigned the claims to Valley. *Id*. at 2. Also, they allege that they requested copies of the insurance policies from State Farm, but State Farm has refused to provide them. *Id.* It seeks damages in the amount of $3,099,249.33. *Id*. at 14. Valley also asserts a claim for bad faith and seeks attorney fees under Neb. Rev. Stat. § 44-359. *Id*. at 20-22.

Valley alleges that State Farm delayed and denied payment of the insureds' claims, which prevented the insureds from beginning or completing the necessary repairs and replacements to their homes.  *Id.* at 21-22.  Attached to the complaint are numerous assignments of claims.[1]  *Id.,* Ex. B.

The defendant moves to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  State Farm argues that the plaintiff's complaint is entirely deficient in that it fails to identify the policy provision that State Farm allegedly breached and fails to identify the necessary expenses State Farm did not pay.  With respect to the bad faith claims, State Farm argues that the purported assignments do not convey any right to pursue any extra-contractual claims against State Farm and does not allege any facts that amount to bad faith.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a

---

[1] Each assignment states that the insureds:

> transfer, assign and set over onto Valley Boys, all of the right, title and interest of the undersigned [insureds] in and to those certain insurance claim(s) made by [listed insured] designed under [specified claim number] covering loss sustained at the property known as [insured's address] during [insured's] ownership thereof, including but not limited to any and all insurance claims asserted thereunder and proceeds thereof.

*See, e.g.*, Filing No. 1, Attachment 5 at 1.

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Courts follow a "two-pronged approach" to evaluate Rule 12(b)(6) challenges. *Id.* First, a court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677 (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.). The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

3

An assignment is a transfer vesting in the assignee all of the assignor's rights in the property which is the subject of the assignment.[2] *Ehlers v. Perry*, 494 N.W.2d 325, 327 (1993). "The assignee of a thing in action may maintain an action thereon in his own name and behalf, without the name of the assignor." Neb. Rev. Stat. § 25-312; *see Eli's Inc. v. Lemen*, 591 N.W.2d 543, 552 (Neb. 1999). "'Subject to certain exceptions in case of contracts involving relations of personal confidence or trust or being for personal services all contracts are assignable.'" *Eli's Inc.,* 591 N.W.2d at 553 (quoting 6 A C.J.S. Assignments § 29 (1975)). Actions in tort for fraud or fraudulent conveyance are similarly assignable. *Eli's, Inc.*, 591 N.W.2d at 552-53.

"The intention of the assignor must be to transfer a present interest in the debt or fund or subject matter; if this is clearly expressed, the transaction is an assignment; otherwise not." *Tilden v. Beckmann*, 278 N.W.2d 581, 586 (Neb. 1979). Where there is no valid assignment of a particular right, the purported assignee lacks standing to bring a claim exercising that right. *See* Neb. Rev. Stat. § 25-301 (2006) ("Every action shall be prosecuted in the name of the real party in interest . . .").

---

[2] By way of contrast, subrogation is the substitution of a subrogee, who is not a volunteer, for a subrogor as a result of the subrogee's payment of a debt owed to the subrogor so that the subrogee succeeds to the subrogor's right to recover the amount paid by the subrogee. *Krohn v. Gardner*, 533 N.W.2d 95, 98 (Neb. 1995). To be entitled to subrogation, one must pay the debt for which another is liable. *Id.* The Nebraska Supreme Court explains:

> Subrogation involves the substitution of an insurer by operation of law to the rights of the insured because of the insurer's pre-existing duty to pay the insured for the loss. In contrast, an assignment involves a transfer of a legal claim from an injured party to a volunteer who was under no pre-existing duty to compensate the injured party. Moreover, under subrogation an insurer's recovery is limited to the amount paid to the insured, whereas there is no such limitation on an assignee's recovery.

*Milbank Ins. Co. v. Henry*, 441 N.W.2d 143, 145 (Neb. 1989).

4

Under Nebraska law,

> In all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy . . . against any company, person, or association doing business in this state, the court, upon rendering judgment against such company, person, or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs.

Neb. Rev. Stat. § 44-359. When the assignor has not limited the scope of the assignment or retained any interest, the right to fees and costs under Neb. Rev. Stat. § 44-359 can be assigned along with policy rights. *See, e.g.,* Sherman v. Sherman, 751 N.W.2d 168, 175 (Neb. App. 2008); *accord* Gaur. Nat'l Ins. Co. v. McGuire, 192 F. Supp. 2d 1204, 1207 (D. Kan. 2002) (applying Kansas law and enforcing assignment that specifically and unequivocally transferred right to pursue certain extracontractual claims against insurer).

Under Nebraska law, in order to recover for a breach of contract, the plaintiff must prove a promise, the breach of that promise, and damages resulting from that breach. *K.M.H. v. Lutheran General Hosp.*, 431 N.W.2d 606, 608 (Neb.1988). To create a contract, there must be both an offer and an acceptance; there must also be a meeting of the minds or a binding mutual understanding between the parties to the contract. *Gerhold Concrete Co. v. St. Paul Fire & Marine Ins.*, 695 N.W.2d 665, 672 (Neb. 2005).

An insurance policy is a contract, and its terms provide the scope of the policy's coverage. *Peterson v. Homesite Indem. Co.*, 840 N.W.2d 885, 891 (Neb. 2013). In construing an insurance contract, a court must give effect to the instrument as a whole and, if possible, to every part thereof. *Id.* Insurance contracts are construed like other contracts, according to the meaning of the terms that the parties have used. *Id.*

5

However, "'[i]n cases of doubt, [an insurance policy] is to be liberally construed in favor of the insured.'"  *Id.* (quoting *Modern Sounds & Sys., Inc. v. Federated Mut. Ins. Co.*, 262 N.W.2d 183, 186 (Neb. 1978)).

The implied covenant of good faith and fair dealing exists in every contract and requires that none of the parties to the contract do anything which will injure the right of another party to receive the benefit of the contract.  *Coffey v. Planet Group, Inc.*, 845 N.W.2d 255, 262 (Neb. 2014).  A violation of the covenant of good faith and fair dealing occurs only when a party violates, nullifies, or significantly impairs any benefit of the contract.  *Id.* at 264.  In order to establish a claim for bad faith in denial of a claim, a plaintiff must show an absence of a reasonable basis for denying the benefits of the insurance policy and the insurer's knowledge or reckless disregard of a lack of a reasonable basis for denying the claim.  *Radecki v. Mut. of Omaha Ins. Co.*, 583 N.W.2d 320, 325 (Neb. 1998).  Determining whether the insurer had a reasonable basis depends upon "the information available to the insurance company at the time the demand is presented."  *Id.* at 326.

Nebraska recognizes the tort of first-party bad faith in connection with policies of insurance.  *LeRette v. American Medical Sec., Inc.*, 705 N.W.2d 41, 47 (Neb. 2005); *Braesch v. Union Ins. Co.*, 464 N.W.2d 769 (Neb. 1991).  In order to state a claim for bad faith, a plaintiff must allege an absence of a reasonable basis for denying the benefits of the insurance policy and the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.  See *LeRette*, 705 N.W.2d at 47. Under Nebraska law, allegations of failure to properly investigate an insurance claim are

sufficient to support a claim for the tort of bad faith. *Weatherly v. Blue Cross Blue Shield Ins. Co.*, 2 Neb. App. 669, 680-82 (Neb. App. 1994).

## DISCUSSION

The court first finds that the assignments attached to Valley's complaint appear to be valid under Nebraska law. As assignee, Valley adequately states a state-law claim for breach of contract. The breach of contract claim is premised on the allegation, assumed true at this stage of the proceedings, that the insurer failed to pay claims in accordance with the contracts of insurance at issue. The plaintiff has adequately pled the existence of a contract and the breach. State Farm has submitted an example Nebraska Homeowner's Policy with its motion to dismiss. Filing No. 13, Ex. 1, Specimen copy of State Farm Fire and Casualty Company's Nebraska Homeowners Policy form. The court's review of the 27-page document shows it to be a standard homeowner's policy. State Farm covered losses to dwellings. Valley alleges roof damage in connection with a hailstorm. Obviously at issue are the provisions of the contract that cover repair of the dwelling. Limitations, exclusions, and definitions that pertain to the coverage, such as "similar construction" "common construction techniques and materials commonly used by the building trades," "actual cash value," "replacement cost," etc., are open to interpretation. At this stage of the proceeding, the allegations are sufficient. State Farm asserts that it has no coverage for itemized charges which include pricing for overhead, operations, job site cleanup, etc. Whether such charges are necessary to complete the covered repairs is for the jury to decide. The specific claimed charges are obviously known to the parties, or can be sorted out during discovery. With respect to alleged contract deficiencies, State Farm is aware of the

contracts' provisions since it drafted and issued the policies. The court finds that State Farm has been fairly apprised of the claims against it and can obtain further elucidation in discovery.

The court also finds Valley has alleged sufficient facts to state a plausible claim for bad faith. Specifically, Valley alleges that State Farm conducted incomplete, inadequate, and/or outcome-oriented investigations into the losses in order to avoid paying all benefits due; refused to consider Valley's estimates of the losses; misled the insureds and Valley with respect to the terms, conditions, and coverage under the policies for the losses; and denied coverage, delayed payment, refused to pay for the repairs and failed to recognize the assignments of the claims to Valley. These allegations are sufficient to state a claim for bad faith on behalf of the insureds under the assignments.

Further, the insureds have broadly assigned rights to the insurance claims and proceeds. The assignments are not limited to breach of contract claims and do not preclude bad faith claims or claims for statutory attorney fees. Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (Filing No. 11) is denied.

Dated this 22nd day of October, 2014.

                        BY THE COURT:

                        s/ Joseph F. Bataillon
                        Senior United States District Judge