IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALLEY BOYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY; <br><br> Defendant. | 8:14CV159 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on defendant State Farm Fire and Casualty Company's ("State Farm's") motion to reconsider, Filing No. 21, the Court's October 22, 2014, Memorandum and Order, Filing No. 20, denying State Farm's motion to dismiss the plaintiff's bad faith claim, Filing No. 11. State Farm submits additional authority showing that Douglas County, Nebraska, District Courts have recently dismissed bad faith claims in similar cases brought by assignees against Nebraska insurers. *See* Filing No. 22, Index of Evid., Ex. 1; Filing No. 27, Index of Evid., Exs. 1-3. State Farm also urges the court to address the anti-assignment provision in the policy as it relates to the validity of the assignments at issue. Filing No. 21, Motion at 2.

The court has reviewed the parties' submissions and finds the court's earlier order should stand. In four similar cases, Douglas County, Nebraska, District Courts found no contractual relationship exists between Valley Boys and insurers and found that "a bad faith claim is not a right under the policy and may not be assigned." Filing No. 27, Index of Evid., Ex. 3, *Valley Boys, Inc. v. United Servs. Automobile Assoc., et al.*, No. CI 14-3139, Order at 9-10; *see also* Filing No. 22, Index of Evid., Ex. 1, *Valley Boys, Inc. v. Travelers Commercial Ins. Co., et al.*, No. 14-3078, Order at 3; Filing No.

27, Index of Evid., Ex. 1, *Valley Boys, Inc. v. Auto-Owners Ins. Co.*, No. CI 14-2443, Order at 12; Filing No. 27, Index of Evid., Ex. 2, *Valley Boys, Inc. v. Farm Bur. Prop. & Cas. Co.,* No. CI 14-2375, Order at 7.  This court is not persuaded by the State Courts' analysis of the issue.[1]  The court finds the cases cited by the State district courts are inapposite and do not support the proposition that bad faith claims cannot be assigned as a matter of law.  See *Braesch v. Union Ins. Co.*, 464 N.W.2d 769, 776 (Neb. 1991)(holding "only(1) an injured policyholder who is also a 'covered person' or (2) a policyholder who is also a beneficiary may bring a cause of action in tort against the policyholder's insurer for failure to settle the policyholder's insurance claim," but not addressing the issue of assignment by a policyholder/beneficiary), *disapproved on other grounds*, *Wortman v. Unger*, 578 N.W.2d 413, 417 (Neb. 1998); *Mutual of Omaha Bank v. Kassebaum*, 814 N.W.2d 731, 737 (Neb. 2012)(finding an assignment of unliquidated

---

[1] The State District Courts appear to conflate the contract claim for breach of a duty of good faith and fair dealing and the tort of "bad faith".  The tort of bad faith is a separate claim.  Although the tort is theoretically based on the breach of a duty of good faith and fair dealing, it is a separate tort.  A claim for breach of duty of good faith and fair dealing is a contract action and is limited to contractual remedies.  Recovery for the tort, however, includes extra-contractual remedies including statutory attorney fees. Essentially, the contract defines the duty for purposes of the tort, but the tort is a separate claim, and is not dependent on the contract. See *Acquista v. New York Life Ins. Co.*, 730 N.Y.S.2d 272, 276 (N.Y. App. Div. 2001) (stating "[i]n view of the inadequacy of contract remedies where an insurer purposely declines or avoids a claim without a reasonable basis for doing so, a majority of states have responded to this need for a more suitable remedy by adopting a tort cause of action applicable to circumstances where an insurer has used bad faith in handling a policyholder's claim")(citing *Braesch*, 464 N.W.2d at 773).

> This cause of action is generally stated as a breach of the insurer's duty of good faith. Under this approach, where an insured demonstrates more than merely a denial of benefits promised under a policy of insurance, but instead, that the insurer's denial of the claim was deliberately made in bad faith, with knowledge of the lack of a reasonable basis for the denial, the insured may be entitled to compensatory tort damages.

*Id.* at 277.

proceeds from a personal injury claim valid and enforceable).  The great weight of authority indicates bad faith claims are assignable.  *See, e.g., Transit Cas. Co. v. Smith*, 410 F.2d 210, 212 (5th Cir. 1969); *Olmstead v. Allstate Ins. Co.*, 320 F. Supp. 1076, 1077-78 (D. Colo. 1971)(applying Colorado law); *Liberty Mut. Ins. Co. v. Davis*, 412 F.2d 475, 484 (5th Cir. 1969) (applying Florida law); *Steedly v. London & Lancashire Ins. Co.* 416 F.2d 259, 262 (6th Cir. 1969) (applying Kentucky law); *Crabb v. National Indem. Co.*, 205 N.W.2d 633, 232 (S.D. 1973); *Moutsopoulos v. American Mut. Ins. Co.*, 607 F.2d 1185, 1189 (7th Cir. 1979) (applying Wisconsin law).

      The court agrees, however, with the State Courts' determination that the anti-assignment provision does not bar the plaintiffs' breach of contract claim.  *See*, e.g., Filing No. 27, Index of Evid., Ex. 3, *Valley Boys, Inc. v. United Servs. Automobile Assoc., et al.*, No. CI 14-3139, Order at 6-7 (stating "the court finds that the Policies' non-assignment clause applies to pre-loss assignments only and does not render the Insureds' post-loss assignments invalid.")  Under Nebraska law, post-loss claims are assignable.  *See Folgers Architects Ltd. v. Kerns*, 633 N.W.2d 114, 126-27 (Neb. 2001) (noting distinction between an interest in the performance of an executory contract and a claim for damages for breach of a fully executed contract).  In other words, the anti-assignment provision prohibits assignment of the policy, but not assignment of claims under the policy.  *See* 3 Couch on Insurance § 35:8 (3d ed. 2014); *accord Windey v. North Star Farmers Mut. Ins. Co.,* 43 N.W.2d 99, 102 (Minn. 1950) (stating "[a]ssignment, after loss, of proceeds of insurance does not constitute an assignment of the policy, but only of a claim or right of action thereon" ); *Valley Boys, Inc. v. Allstate*

3

*Ins. Co.,* No. 14cv3148, Filing No. 18, Memorandum and Order at 4.  Accordingly, the court finds the defendant's motion for reconsideration should be denied.

IT IS HEREBY ORDERED that defendant's motion for reconsideration (Filing No. 21) is denied.

Dated this 6th day of February, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge