IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALLEY BOYS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE FARM INSURANCE COMPANY,<br><br>    Defendant. | 8:14CV159<br><br>ORDER |

  This matter is before the court on defendant State Farm Insurance Company's ("State Farm's") motion to strike, Filing No. 46. This action was removed from state court under 28 U.S.C. §§ 1441 and 1446. Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.

  In its amended complaint, the plaintiff asserts claims for breach of contract and bad faith in connection with denials of insurance claims. Filing No. 43, Amended Complaint. Valley Boys, Inc. seeks damages in the amount of over three million dollars, as well as "all general and compensatory damages owed under the Policies, interest, fees, costs, and reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 44-359, and such other relief as the Court deems appropriate under the circumstances." *Id.* at 20. Defendant moves to strike the plaintiff's claim for attorneys' fees under Neb. Rev. Stat. § 44-359.[1]

---

[1] That statute provides:

  In all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy, except workers' compensation insurance, or upon any certificate issued by a fraternal benefit society, against any company, person, or association doing business in this state, the court, upon rendering judgment against such company, person, or association, shall allow the plaintiff a reasonable sum

Under Fed. R. Civ. P. 12(f), courts may strike "from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion to strike pleadings under this provision. *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Striking a party's pleading, however, is an extreme and disfavored measure. *Id.* A motion to strike, however, is neither an authorized nor a proper way to procure the dismissal of all or part of a claim. 5C Wright & Miller, Fed. Prac. & Proc. § 1380 (2008).

The plaintiff's "claim" for attorneys' fees is not a freestanding claim, but a prayer for relief—part of the plaintiff's damages should it prevail on its claims. Although both parties argue the merits of the applicability of the attorney's fees statute, the court finds the motion to strike is premature. Numerous fact issues await development. Resolution of the issue of whether attorneys' fees will ultimately be available need not be addressed at this time. Accordingly,

IT IS ORDERED that:

1. Defendant's motion to strike (Filing No. 46) is denied.

DATED this 15th day of June, 2015

                                                BY THE COURT:

                                                s/ Joseph F. Bataillon
                                                Senior United States District Judge

---

    as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs.
Neb. Rev. Stat. § 44-359.