IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALLEY BOYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM INSURANCE COMPANY, <br><br> Defendant. | **8:14CV159** <br><br> **ORDER** |

This matter is before the court on the Recommendation of the Special Master Re: Discovery Disputes. The Special Master has shown that the parties have timely identified "up to five" claims on which they wish to conduct limited discovery, including the production of documents and up to three depositions per claim. The parties also timely submitted documents they wish produced by the opposing side. Objections to any Request for Production of Documents were to be served on or before July 16, 2015. Plaintiff did not serve any objections to defendant's Request for Production of Documents. Defendant filed a Response generally agreeing to many of the documents requested by plaintiff but lodging some specific objections and a general objection based on vagueness, broadness, relevancy and, in some instances, burdensomeness. Plaintiff elected to not respond to defendant's Response (and Objections) to plaintiff's request for documents prior to the deadline of July 20, 2015.

The Special Master recommends that plaintiff produce those documents requested by defendant, and defendant produce those documents requested by plaintiff on or before the previously established deadline of July 31, 2015, subject to the objections set forth in defendant's "Objections and Responses to Plaintiff's Document

Requests."  His Recommendation is subject to two caveats:  1) that the objections lodged by defendant to plaintiff's Requests numbered xi through xiv, as well as xxii, xxiii and xxv, should not be sustained at this time as defendant has expressed a willingness to discuss further if plaintiff believes other documents may be relevant; and 2) that Defendant has identified numerous "Operation Guides" it is willing to produce (*see, e.g.*, Defendant's Response to Plaintiff's Request xi).  In the event that future discovery discloses the existence of written documents, memos, emails, etc., other than "Operation Guides", that address areas inquired of by plaintiff in its Request for Production, the plaintiff should be given the opportunity to argue relevancy and produceability of such documents to the Special Master/Court.  The court finds the recommendations of the Special should be adopted.  Accordingly,

IT IS HEREBY ORDERED:

1. Plaintiff shall produce those documents requested by defendant, and defendant shall produce those documents requested by plaintiff on or before the previously established deadline of July 31, 2015, subject to the objections set forth in defendant's "Objections and Responses to Plaintiff's Document Requests.

2. The Objections by defendant to plaintiff's Requests numbered xi through xiv, as well as xxii, xxiii and xxv, are overruled at this time, as defendant has expressed a willingness to discuss further if plaintiff believes other documents may be relevant; and

3. In the event that future discovery discloses the existence of written documents, memos, emails, etc., other than "Operation Guides,"

2

that address areas inquired of by the plaintiff in its Request for Production, the plaintiff will be afforded the opportunity to argue relevancy and produceability of such documents to the Special Master/Court.

DATED this 22nd day of July, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge