# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEBRASKA

| | |
|---|---|
| VALLEY BOYS, INC. d/b/a<br>VALLEY BOYS ROOFING,<br>Assignee,<br><br>      Plaintiff,<br><br>vs.<br><br>STATE FARM INSURANCE<br>COMPANY,<br><br>      Defendant. | CASE NO. 8:14CV159<br><br><br>PROTECTIVE ORDER |

This matter is before the Court upon the parties' Stipulation for Protective Order (filing 56). In accordance with the parties' Stipulation,

**IT IS HEREBY ORDERED** as follows:

1.  The parties anticipate that documents or information may be requested in this matter which contain or consist of valuable trade secrets, other proprietary information or personal information (hereinafter, "Confidential Information"). Any documents produced or information provided by a party pursuant to or in response to any discovery request may be designated by either party as "confidential" in the following manners:

    a.  By imprinting the word "confidential" on the first page, footer, cover sheet, or in the electronic file name of any document produced.

    b.  By imprinting the word "confidential" next to or above any Answer to any Interrogatory or any other written discovery response.

    c.  With respect to portions of a deposition transcript, by making arrangements with the attending court reporter to bind the

confidential portion(s) of such transcripts separately and labeling them as "confidential."

2. All documents and information provided by a party in response to a discovery request or deposition testimony designated as "confidential" shall be subject to the following restrictions:

    a. Such documents or information shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever.

    b. Such documents or information shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

        (1) The attorneys of record and persons employed by them, including court reporters and/or vendors the attorneys utilize for litigation support;

        (2) Outside experts who have, prior to disclosure, agreed to be bound by the terms of this Protective Order;

        (3) Plaintiff or Defendant and their officers, employees, or agents, including insurers, who have a need to know for purposes of this litigation;

        (4) This Court and Court personnel; and

        (5) Such other persons as the Court may specifically approve after notice and hearing.

    c. That all information designated as "confidential" in whatever format shall be furnished only under the terms of this Protective Order and

        shall be treated by all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent Order of the Court.

d.   No Confidential Information shall be further disclosed to anyone except those categories of persons provided herein who have signed a Nondisclosure Agreement in the form attached hereto and to whom disclosure is necessary for the purposes associated with this lawsuit.  The parties' counsel of record, and other persons or entities retained to assist in this lawsuit who have signed a Nondisclosure Agreement, shall appropriately notify such persons or entities that the disclosure is made in confidence and must be kept in confidence in accordance with this Protective Order.

e.   Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity, or government agency unless authorized by the party designating such information as confidential or Order of the Court.

f.   Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel

        desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

    g.    There shall be no reproduction whatsoever of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

    h.    All Confidential Information filed with the Court shall be filed and maintained under seal until further Order of the Court. The filing party shall include a notice to the Court and other parties that the document filed contains "Confidential" or "Protected Material" subject to the provisions of this Order.

3.    Acceptance by a party of any information, document or thing identified as "confidential" hereunder shall not constitute a concession that the information, document, or thing is confidential. If, subsequent to the acceptance of information or documents identified as confidential, a party wishes the Court to rule upon the other party's claim of confidentiality, that party may move this Court for such determination. Prior to moving this Court to resolve a dispute regarding confidentiality, the moving party must provide the other party with written notice of its intent to file the motion. The parties shall then confer in good faith in an effort to resolve the dispute. If the parties have not resolved the dispute within three (3) business days, the disputing party may file the motion. In the resolution of such motion, the burden of establishing the confidentiality of the information or document shall be on the party who made the claim

of confidentiality. However, materials designated as confidential shall be treated as such pending resolution of the motion by the Court.

    4.    Upon final termination of this action, including all appeals, all confidential documents and any other confidential information of the other party which was provided in discovery, including any copies, excerpts, or summaries that have been prepared from or utilizing such information by a party, its counsel, or other persons or entities retained to assist such party in this litigation, shall be returned to the opposing party's counsel or destroyed by counsel; provided, however, that (i) in no event shall counsel be obligated to turn over to opposing counsel any items which constitute attorney work product (as defined by applicable law) and (ii) counsel shall be entitled to retain one copy of all information as part of its permanent litigation file and such information shall remain subject to the confidentiality obligations of this Order.

    **DATED August 3, 2015.**

                                       **BY THE COURT:**

                                       S/ F.A. Gossett
                                       **United States Magistrate Judge**

## NONDISCLOSURE AGREEMENT

I, _____, certify that I have read the Protective Order entered in the case of *Valley Boys, Inc. d/b/a Valley Boys Roofing v. State Farm Insurance Company*, Case No. 8:14-CV-115, which is pending in the United States District Court for the District of Nebraska.  I understand the terms of that Protective Order and I agree to be bound by its terms.

_____